Good morning. Good morning. Heather Kendall Miller on behalf of Appellants Katie and John. I think that we decided we would each have 10 minutes between the two appellants Okay, so 15 goes to who? Okay, and five goes to? Okay, all right, and so I'm sorry again Miss Kendall Miller, you said you're yours is you're taking ten and who's taking the other ten? Okay, all right all right, then just so that I'm going to try to I know council gets Really into their arguments and when you're sitting seated at the table, and you see someone going into your time You get agitated And so I'm going to call the time when when I see it here Just so that if we have additional questions of the person at the podium, we'll ask our questions We'll have them answered and then I'll still give you the time for the the person that's not up at the podium So I'll make sure that that when you've shared time that you actually get your time So you don't have to be having a fit sitting at council table feeling that the that the person you're sharing with is using all Your time so this matter can proceed at this point and when you come to the podium, please State your name and state who your appearance is for. Thank you Good morning. I am Mike Mitchell. I'm senior assistant attorney general for the state of Alaska representing the state of Alaska in this matter As I'm sure taking ten minutes and are you reserving anything for rebuttal? I would like to reserve three minutes for rebuttal. Thank you May it please the court This case is about locating boundaries the boundaries between federal and state subsistence and fishery management jurisdiction in state of Alaska waters The 1995 Katie John panel opinion provides a difficult tool to use for this task That tool is the law of implied Federal Reserve water rights It's a difficult tool to use because it was developed for totally different purposes to allocate scarce water in the arid West But the law of implied Federal Reserve water rights and the Katie John one opinion do supply two principles that are essential to locating the boundaries in this case First the law of implied Federal Reserve water rights instructs that those rights do have a fixed geographic location a situs That situs is within the boundaries of the federally reserved lands The secretaries and the district court erred and disregarding within the boundaries Ordinarily federally reserved water rights are outside the boundaries. I agree with you It's a difficult tool, but the idea was you have some tribe that has a reservation in Dry country where water is critical. So there are some federally reserved water rights that are outside the reservation and to assure that Water in the river that serves the reservation won't all be drawn off before it gets there for farming outside the reservation It seems like the nature of the federally reserved water rights Water is necessary to the purpose of the reservation Implies that it's going to be out the water is going to be outside the boundaries We believe that if you look at the cases from the Winters cases on through the Capert and New Mexico cases the Water and the right itself is Water that is located within the reservation. In the Winters case the boundary extended into the river In the Capert case that dealt with a pool within the Death Valley National Monument, which was important to the desert pupfish in the New Mexico case again, it was dealing with waters within the National Forest in the the Gila Mountains area so I believe that the the location of the right itself in all of these cases in is within the boundaries of the the reservation itself that should be distinguished from the ability to take steps to protect that right which If in the future there becomes an impediment I see what you're saying. You're saying that the federally reserved water rights The quantity of water reserved has to be taken within the federal reservation But in order to assure that the quantity is there there may be some regulatory force outside the reservation. Is that it? Yes, that's correct your honor So that wouldn't that apply here? well, because the purpose of this is to locate the boundaries of for jurisdictional purposes of the reservations as applied to navigable waters in this instance, and so here we're dealing with congressionally established refuges both within Anilka and pre-Anilka reserved lands where where Congress delineated those boundaries in some instances for example in the lower Yukon Delta, Yukon Delta and Yukon Flats refuge Congress included those delineated the boundaries to include the Yukon River, but in other instances it drew the boundaries To not include the river for example farther up in the Yukon So in this case we have refuges with boundaries expressly encompassing significant Navigable waters. We have a really hard problem here because this whole doctrine of federally reserved water rights is very hard to apply and the idea the doctrine is apparently to assure an adequate quantity of water for the reservation and Here we're applying it where quantity of water is totally irrelevant So it's it's difficult nevertheless, we're absolutely bound to that because of the three judge panel decision approved by an en banc decision And once I get there, I have a hard time getting to the argument that you just made It looks as though if we applied the panel decision that we're bound by There is some Federally reserved water right to waters that are outside the reservation Entirely Where There won't be any use inside the reservation effect There's got to be a step it's erroneous in my logic there, and I don't know what it is I Believe your honor that if you look at the Katie John Fish camp that gave rise to this case that fish camp is located within the boundaries of the Wrangell st Elias National Park so for that fish camp and for many other subsistence sites within these vast expanses of federal refuges there are navigable waters which if the the various elements of the Capert and the New Mexico test are met in particular looking at the Purpose of the reservation and the need for those waters But yes, there is navigable water inside the Wrangell st. Elias of course Correct and also within the Yukon farther down in the Yukon flats and the Yukon Delta refuges in where there are a number of communities located there are in those instances The Yukon is expressly included within the boundaries of those refuges I have a question in terms of what's your best authority for the proposition that the selected but not yet conveyed land should be excluded from the definition of public lands under ANILCA and then It's sort of is there a conflict between section 902 906-02 and section 804 of ANILCA and if so does the secretary's position deserve deference? That's a lot of questions I Authority is the a careful reading of ANILCA itself if you And we explain this better in our brief, and I will be able to hear but if you look at section 8 of ANILCA that expressly excludes from ANILCA jurisdiction the selected But not yet conveyed lands where we believe the district court erred as in looking at another section of ANILCA and applying that that definition of which I believe is of public lands and not of federal lands to section 8 so it's the authority is a close and strict statutory reading of ANILCA and the the two definitions Do we believe that the Statutory construction which is is the province of this court All right if you want to save any time you probably should sit down at this point Because you've used eight minutes. Thank you very much. All right. I'll reserve two for your rebuttal If you can put the clock at ten for the next people so it's easier for me to follow here. Thank you May please the court good morning. My name is Heather Kendall Miller. I represent the appellants Katie John I'd like to reserve three minutes of time for rebuttal Please in this appeal Katie John continues her 20-year-old battle to enforce Congress's promise to protect subsistence fisheries in Alaska's navigable waters 16 years ago the prior panel of this court held that Title 8's priority extends to all waters that the government holds a federally reserved water right to Let me ask you Is it the Katie John position that there is a subsistence preference for the entire Yukon River to the extent that it's in Alaska I Would argue yes to the extent that because as we have shown in our briefs Water is necessary throughout the Yukon to be able to support the purposes of the conservation units That those reserved waters that are necessary to protect migratory salmon subsistence uses become public lands I think the seventh largest river in the world or something It's up there with the Yangtze in the Nile and the Mississippi is great rivers. So your position reaches very far and You're claiming that the federally reserved water rights of the nowitna National Wildlife Reserve and the other Federal reservations along the length of the Yukon in several places are sufficient to have Federally reserved water rights in the whole river. That's right Your honor because those waters because they're necessary to fulfill the purposes of the reservation units Which the purposes include protection of salmon migratory salmon salmon for subsistence purposes salmon for treaty obligations Waters necessary at every stage to be able to guarantee those purposes without which they would be defeated the water Throughout the the salmon's life cycle and that means for all the water. Yes, your honor Expansive position Alaska obviously wants to have a more narrow position And so both of you lost you that you know that there was something in between determined the question I have is if It's not designated Right now does that mean you can never designate it the problem with that is that that seems to me Just flies in the face of for the rest of all time that it could never be designated But your position seems to be designated now, and then we never have a problem the issue I think and one that the government agrees with and that the District Court agreed with as well is that Under the theory of the reserve waters doctrine a party can assert a claim upriver if there's beneficial use a secondary appropriator taking water if they can assert that claim in the future during times of scarcity then they Own an interest in the waters today, and if they own an interest in the waters today that can be exercised later That's an interest that falls within the public lands definition That's usually applied is somebody upriver from the federal reservation is drawing out too much water typically for agricultural applications, but sometimes for others so there isn't enough water for The applications for which the reservation is to not is designed Perhaps it's an Indian reservation that is agricultural Or perhaps they need water for their livestock and not enough water But I don't think that there's any record here that upstream activities Affect the salmon fishery it and it seems on its face silly It's downstream activities that typically reduce the availability of Salmon whether for subsistence or commercial uses the the fish wheels catch them when they're coming up upstream the The the salmon get caught and eaten when they're coming upstream, and I think most people Claim that the bycatch in the Bering Sea is what creates the problem Well, I guess our point would be your honor is that Scarcity is not the test We don't have to wait until there's a scarcity of water to be able or to quantify We don't need to quantify waters in order to be able to identify The test under the reserved waters doctrine for the existence of a right is The land reservation itself the nature and scope of the land reservation controls Basically was just saying well We're gonna wait till there's a problem and you're saying because we can show the existence it needs to be designated now Yes, not wait for a problem and a problem that's right or happen. That's right the government confused enforcement With existence we're at the point where the Ninth Circuit Instructed the secretaries to go back down and identify its waters we believe that it has an interest in between these conservation units both upriver and downriver because Without these waters. It's not possible to protect the purposes express purposes of the conservation units Would there ever be any would there ever be any situation where they would be entitled to deference? This is the problem that you know Obviously people when they lose they want the court to determine things and they don't want deference to an agency but I mean the problem with the Katie John one seems to be that the courts are put in this position where there they might have to be determining things where they really don't have the level of expertise or the The things available to answer the legal question. That's right But and so, you know, that's that's what I'm struggling with in our appeal We're specifically saying that they misconstrued the doctrine the they limited and that's a question of law that we don't think is entitled to agency Deference that is one that's simply about looking at the purposes of the refuges of Anilka and those purposes are explicit There's no ambiguity there to afford any kind of Chevron deference. They specifically say To protect salmon salmon subsistence I don't if you have to find the existence of a right don't you have to know something about the biology of the situation and All the science of the situation will determine the existence So we're not doing that right here. So that's because You you're you're being asked to make a determination of law on the scope of the reserved waters That's all we're asking here today for you to I'm not sure that that's right I don't see how you can square your position on deference with the holding and Katie John one that quote the federal agencies that administer the subsistence priority are responsible for identifying those waters close quote and the statutory language at 16 USC 31 24 that the secretary is to prescribe such regulations as are necessary and appropriate To carry on its responsibilities under this subchapter that looks like an explicit congressional delegation of authority plus a holding that The agency has the responsibility for identifying the waters that binds us I don't understand how there can be any position other than Chevron I would I would suggest that The agency has been delegated management authority, but it hasn't been delegated the authority to pick and choose some public lands over others It has not been delegated any authority to balance Kitty John one held that Public lands included federally reserved waters and instructed the agency to identify those waters Not to pick some federally reserved waters that it may claim presently and Exempt those that it may pick in the future. So you're saying that it only has authority to identify those waters if it's right I'm saying that there is no deference to to the agency's exclusion of these waters for lack of its Application of a proper Standard the doctrine itself But if there were let's just say that it couldn't be ascertained that there was an existence at this point in time But five years from now that it it appears that you know, things change something, you know Any number of things can change in five years with their hands be tied that they could not determine the existence in five years No, they could do that your honor, but that would not be consistent with what this circuit has instructed them to do and what Congress has told them to do Congress has told them to implement a management regime for and and apply the priority over public lands By suggesting that they can do and wait 20 years to do so You're basically denying many rural residents the priority until the secretary decides at some future point that he will or she will then Choose to identify its interests at some future time bail then you have to be able to show that the existence is right now That's right you have to show that water is necessary to fulfill the purposes of the reservations without which they would be defeated and we submit that Water is necessary both at the headwaters and below throughout the migratory channel of the river to support Migratory fish and if the government owns that interest which it could exercise in the future Then it owns that interest today and that brings it into the public lands definition All right, your time's up, but I'll give you two minutes for a rebuttal. Thank you Thank you, because we've you've been answering our questions and that's obviously the point of all of this All right now are you the five minute or the I'm the 15 minute you're the 15 minutes my name Okay, so if we can put 15 minutes right now, that would be good. Thank you My name is Elizabeth Peterson and I represent the United States of America My name is Elizabeth Ann Peterson and I represent the United States in this matter In 2001 this court sitting en banc Held that the Secretary's interpretation of public lands in Title 8 of ANILCA is entitled to deference This case is about exactly that this case Challenges the Secretary's interpretation of public lands for purposes of implementing the priority for subsistence use of fish and wildlife by rural, Alaska residents What's what's at issue here is whether the Agencies correctly determined where the priority would apply in there by applying as this court directed The Federal Reserve water rights doctrine That doctrine holds that when lands are reserved for by the United States for a purpose that requires water the court should infer that sufficient water to Achieve those purposes was also reserved at the same time The geographic location of the waters in which the rights are reserved. It has never been the subject of any litigation Waters appurtenant means waters necessary to the use to the purposes for which the the units were reserved and Waters adjacent and within have always been the waters in which those rights were asserted Counsel, I think that to the person who is a lay person in respect to water rights It seems to make no sense that you cut off upstream water and downstream water and just reserve the small segment When what we're dealing with are migratory salmon who don't understand what the Secretary is telling them in terms of boundaries That's correct, Your Honor. The salmon don't understand nor are they directly affected by the question whether water rights have been Reserved in a particular reach of the river But in order to protect the U.S. reserved rights in the reaches that are Adjacent to and therefore necessary to the fulfillment of the purposes of those reservations the United States has under the appropriative doctrine the ability to Make a call on upstream or downstream uses so for purposes of water rights There isn't any need to assert a water right above or below the location of a of an in-stream reserved Right. Well is it not though or is the government just too lazy to do it right now? And they just want to do it later, or is it they're saying yeah We'll get to it eventually and we'll tell you when we're going to get to it Unlike what the Katie John appellants are saying is the right exists So just you don't have to just say it exists. The right is being asserted at the at the present time In waters that have been largely Unappropriated there is no question that sufficient quantity and quality of water will Be in these streams To fulfill the needs and they are being reserved for the future To prevent any depletion by appropriation in the future that would undermine the purposes of the Of the reservations that have been made and in Anilka and other statutes for purposes relevant to the subsistence Alaska residents They are reserved Understood steps of what you said, and then I thought the whole point was that the secretary has not Reserved the entire Yukon River as Federally reserved water rights It sounds like you're saying he has that's if so, I'm I have misspoken your honor I apologize Congress reserved these rights when it reserved the various units Conservation system units and national forests in Anilka and other statutes across Alaska Correct and in designating that the reaches of those Rivers such as the Yukon in which those rights exist in more basic words Why or why not isn't the entire Yukon Federally reserved water rights or the federally reserved the federal reservations adjacent to and Parts It's the agency's belief is the whole Yukon River reserve no, okay, why not Because the agency's believe that the water is necessary to fulfill the purposes of those reservations that are located along the Yukon Are can be met now, let me translate the The general to the specific Is that the secretary's position that the amount of salmon available for subsistence uses? would not be affected by The water is further upstream or downstream than the area that the secretary claims No, your honor Congress can be It can be inferred that Congress reserved rights in the waters that are adjacent to and within the reservations that it made and To the extent that those purposes can be achieved without additional water rights The secretary's believed that there isn't a need or a reason to assert Or to infer that water rights were reserved in other reaches that are not Within or adjacent to those lands. I believe that with respect miss Kendall Kendall Miller's Interpretation mixes or confuses enforcement with reservation because the only the by reserving the rights by reserving in stream flows The United States assures that there will be sufficient water for habitat at those locations if that requires that Adjustments be made in uses or Appropriations in other reaches of the river that is part of that reserved right an in-stream right is as your honor mentioned we Switch back and forth between Congress and the agency or it's actually two secretaries And we've talked very generally in a way that makes it more difficult to get to the specific I think the main argument for reserved water rights here is fishing and The issue is whether they're enough salmon their last few years. There haven't been enough salmon and I think most of the fishermen think it's because of the bycatch in the Bering Sea and If the secretary, I'm sure that both secretaries study that issue from time to time Through their the people that work for them if they determine that it's because of overfishing in some part of the river Would they then expand the area of the river that they claim reserved Water rights in in order to impose a federal subsistence preference on that expanded portion of the river It is my understanding your honor that the protection of a water right in a particular reach Doesn't require the assertion of a water right in a in an upstream or downstream reach Could impose a subsistence preference over Land that wasn't covered by an ILCA. I'm saying the opposite. I'm saying that Asserting a water right in those waters that are adjacent to or within the reservations Can nonetheless affect whether there are sufficient salmon above or below on that same river By virtue of the protection of water levels and reference on one chunk of the river There's not going to be any commercial fishing on that chunk of the river. That's more fish to get upstream from it Is that what you're saying? No, your honor. I thought you were talking about the Federal Reserve water rights doctrine. I can't figure out what you're saying The reason that water rights have not been asserted above and below the reaches That have been designated is because those are associated with the reservations of land water Congress is Inferred to have Intended the reservation of water sufficient to meet the needs of a reservation and where that reservation Where the needs of that reservation can be achieved with the use of water within and adjacent to the unit Those are the water rights that have been Designated here. There isn't a need to own a right above or below that right in order to protect the right Can there be change in the future if the secretaries determine that it's necessary to preserve subsistence? The secretaries have reserved the right to make additional designations of waters on which that will be On the public lands Section 16 USC 3102 Subsection 3 a Make says public lands means land situated in Alaska, which are federal lands except for Land selections of the state of Alaska which have been tentatively approved or validly selected Is is the secretary claiming some authority to impose the federal? Anoka preference on public lands of the state of Alaska that have been validly selected or tentatively approved I Would like to first point out that I've now encroached on my co-counsel's time, but I'd like to answer the question I don't think that you haven't you still have because I set you at 15 minutes. Oh, I apologize I apologize. Would you rather not answer the question? No, no, I'm delighted to have additional time Your honor where those Selected but not yet conveyed lands are also within a conservation system unit. That is public lands for purposes of Anoka Section 906-02. Could you use the United States Code reference? 16 USC, I'm not I can't your honor That's what we have in our offices. We don't have the paper bound volumes at the specialty agencies. I apologize I will see whether I have the alternate Citation. Okay, and then just read the language It is 43 USA 1635-02 And that provision holds that you Are asking me to read it, but what it what it is what it says is that lands within a unit that is Administered pursuant to Anoka Must until they are conveyed must be administered consistent with all of the federal laws that are applied on that that are applicable on that unit and therefore can Selected but not yet conveyed lands that are within a conservation system unit subject to the subsistence priority are Treated as public lands under these regulations because not to do so would be to suggest that those would be to hold that those particular areas are subject to all federal law except the subsistence priority and the secretaries believe that the better Interpretation of the statute as a whole is to treat those lands until they are conveyed as public lands Let me ask you. I'll go ahead I'd like to ask you to Tell me whether lands which are Adjacent must be physically attached or whether it can be a broader Interpretation and I guess you need to tell us about a pertinent to to make sure that we understand What the authority is? Well the relationship of a pertinence is Unrelated is not the same as adjacency a pertinence is the The relationship of land to the waters a pertinent to it or that the water is Needed to make the land usable for the purpose for which it's held In these regulations the secretaries did make the Determination that waters would not be designated as public lands that were not Reservations That have been made for the appropriate purposes I believe and I think that the Doctrine of prior appropriation holds that that is not necessarily true that let that waters can be a pertinent To lands to which they are not even adjacent, but that has that issue is not raised here those that That reach of the prior appropriation doctrine has not been Called upon here because the secretaries believe that the purposes of these Reservations can be achieved Using the waters that are within and adjacent to them I have a I want I want to ask you a practical question relative to the appellants the obviously the Katie John appellants are Their position is that there should be a broader reservation, correct? Correct, and Alaska City the state of Alaska that it should be narrower, correct? Correct. All right if the Katie John Appellants were to prevail What's the practical effect of that or if the Alaska defendants were to prevail in their view of it? What's the practical effect? Well, the Alaska appellants are asking that all of these designations be thrown out The program obviously would suffer what greatly from that outcome if the Katie John appellants were to prevail the Subsistence priority would be applied on Navigable waterways that the secretaries additional navigable waterways beyond those that have been designated By the secretaries and the protection of the of the purposes of the land reservations certainly would not suffer from that outcome Although the secretaries believe that this court in its earlier holdings In which earlier holding you're talking in the in the original 1995 decision that this court recognized that that the statute sets out a Cooperative federalism scheme and does not intend to encroach on that that was not intended to encroach any more on the sovereign interests of the state of Alaska then Would be necessary in order to implement this priority and they were therefore cautious and conservative in Determining where the priority would be applied in order not to overstep the boundaries that were set out in the statute So did in the en banc decision, which it was there was a number of separate positions written I think Judge Tallman and Judge Kaczynski took polar positions, correct? So such did Judge Tallman would be more consistent with the Katie John Appellants and Judge Kaczynski would be more consistent with the state of Alaska, correct? Well, that is correct, but they didn't carry the day That is also correct your honor and the secretaries have done their best to implement What did carry the day the decision that deferred to this? framework Interpretation by making these specific interpretations of where public lands Are also waters in the state of Alaska the panel members have any additional questions. Thank you for your argument Thank you your honors Robert Anderson for the Alaska Federation of Natives and you have five minutes, okay Thank you very much. I am in my client is in this case in support of the United States in opposition of the state's Only and we're not involved in the upstream downstream issues that miss Kendall Miller is raised But I wanted to just raise a few things that haven't been dealt with so far in order to dispose of the state's case And number one is the question of what process Judge Holland's initial order dealt with the state's claim and its complaint that the rulemaking process was inappropriate for identification of the reserved waters that are subject to a Nilka's The u.s.. And we have shown in our brief the rulemaking is an entirely Appropriate way to go here it provided for maximum input. It's much more efficient and clean than some sort of an adjudication which would Presumably deal with these matters on a case-by-case river-by-river refuge-by-refuge case Water rights are kind of property right even though not fee Ordinarily, it's done by adjudication one by one in the nature of a quiet title suit and Here the only real reason I can see for not doing it that way not doing it the usual way that people settle their property Rights is that instead of talking about? Ohio where there's hardly any federal land and it'll be easy to do a one by one We're talking about a place more than twice the size of France half the size of India Almost all of which is owned by the federal government Is that the only reason is that an adequate reason to do it by rule But I don't think it's a geographic size alone that makes the the reason why we do it by a rule it's because All the United States has been ordered to do by the Ninth Circuit is to identify those areas where a Federal Reserve water right exists It doesn't quantify The amount of water that might or might not be entitled for the particular reservation It's sufficient that if the right exists in the United States that makes it public land for purposes of the subsistence priority now the state In this case is free to challenge the existence of a Federal Reserve right in any specific area it sounds to me from their briefing an argument that they've conceded that the Reserved water rights exist within all of the 32 units Claimed by the United States in the administrative record and the in the real dispute is simply about the lands that are adjacent to the wildlife refuges and in rivers that the United States has Included in its definition of public lands My guess is nobody absolutely nobody in the process has any idea of what particular injustices are going to be imposed on one or another Individual or small group of people in in the lands affected by the rule Well well your honor Congress decided that there would be a subsistence priority on Lands titled of which is held by the United States which includes reserved waters They may be adjacent to the Copper River for example as an example. It's in the administrative record Well the United States has claimed them only to adjacent waters and to waters within the units that go in between In holdings state in holdings or native corporation holdings, and they haven't Gone to other waters at this point in the rule and as to the Headland to headland rule May affect the whole lot of people who presently make their living Taking I suppose it'd be shelled seafood out of bays Well that's not true your honor the all the the subsistence priority does is make the preference available for reasonable subsistence uses which is about 1% of the take of fish and game in Alaska and the State rules regarding commercial fishing and so on continue to operate on those same areas that are public lands for purposes of the preference It's just that when there is a conflict between the two a commercial use may be limited in order to affect the priority But there's no automatic Preemption of rights to hunt or fish on state land on these federal public lands And I can think of only one example where there has been such a limitation and that involved sheep hunting in the Arctic Village That affects waters that are specifically defined not to be federal waters specifically defined not to be part of a federal reservation because they're Seaward of the high tide line. I believe that's a statutory definition. That's correct And There must be a lot of people who take shelled seafood in such waters a Subsistence preference applies to Bar takers other than subsistence users when there is a shortage as opposed to the other Individualized allocations So it seems like we cut all those people off from litigating Well, I mean they have a opportunity to for notice and comment through the rule whether there would be a fact ever a factual situation where Commercial or sport clamming were Interfering with subsistence uses in this area that's defined as public land And yes, that was what Congress intended in title eight was to allow them to be Cut off and you know people have participated in in the rulemaking process Presumably somebody who's who comes along later and is enforced against could argue that that boundary is ineffective if they're not part of this case, they're not going to be bound by it unless as the state as parents patria is binding them But it certainly Would be unworkable to just to ascertain these boundaries the boundaries of these units in the reserved water rights Through some sort of an adjudicative process to which these other individuals would either have to be joined or they wouldn't Be parties and they would be in the same position. They are after the rulemaking So I say on the what process the judge Holland got it, right and the agencies were were effective The adjacent waters, I would just note that Even judge Kaczynski at page 1047 and his dissent from the on bank said that where the United States owned the lands it Reserves a right to waters adjacent to that land So there was a agreement between the the dissent and the concurrence in the on bank opinion. So, thank you. Thank you All right, the state of Alaska has two minutes and the Katie John appellants have two minutes for rebuttal each Thank you two very quick points. First of all in response to mr Anderson the state of Alaska has not conceded that water rights exist within reservations Our position is that they cannot exist outside the reservation boundaries, but as to whether they do exist within reservations You do need to go through the Capert and New Mexico analysis for example whether water rights exist within the Tongass National Forest, which is a Rain forest which was established by reservation in the early 1900s Would depend on a very different Analysis of purpose of the reservation and necessity of the waters than the analysis for something about that The reserve water federally reserved water rights for waters necessary to the purpose of the reservation the purpose of the Tongass National Forest under the Organic Act of 1898 We was the basis for and according to the New Mexico case is to be a tree farm The waters and the streams are not necessary to its Uses a tree farm the rain takes care of that. That's why it's called the rain forest. It's very rainy there So does that mean that there cannot be a subsistence reference on the navigable waters? within the Tongass National Forest I Think that would be a reasonable conclusion doing a sort of the sort of principled I don't believe we've taken a position on that. I would think that That I would have to come back to that being a reasonable position in the overall Reserve waters analysis, so we haven't we haven't staked out that position, but it is our position that there does have to be a reservation specific and purpose specific analysis of The particular reservation and the need for waters Thank you. Your time's expired unless there's further questions I Just have two main points the first eyes I want to address your question judge Callahan about the practical effect If we were to succeed in and win practical impact is that rural residents along the Yukon will have the subsistence priority and what that amounts to is that 1% of the overall fishery will be protected when it's only 1% of the fishery that is the subsistence fishery The rest remains under state management commercial sports Even under their subsistence 1% but it means that my clients those Communities like Tanana that live on the river, but in between the conservation units It means that they will have the priority in times of shortage. That's a practical impact if it's designated right now They can't it's harder to take something away than it is to create right I Reserve it later for you. That's that is correct. And we contend that that under this prior Cape John one that and under an Ilka they have an obligation to do so do so now The second thing I wanted to mention was with respect to allotments there the secretary And the lower courts not entitled to any deference the secretary agreed that they had an interest in native allotments They agreed that under the law native allotments public domain allotments were entitled to reserve waters That's not a matter of fact to be subjected to the federal subsistence board It's a matter of law and the secretary should have made a decision on that should have made a call and we request that this court do so by again looking at the purposes of the naval allotment act and And decided as a matter of a law that they're entitled to waters and therefore they to fall within the priority for subsistence preference, I'd like to just end by saying that Kenny John's been litigating these cases for 30 years. It's been 30 years since we have seen the full promise of an Ilka to protect subsistence fishing and At every turn the federal government has applied a very minimal approach We've had to come back to this court over and over again to enforce the priority I would ask this court to do so today and To hold as a matter of law that waters extend to upstream downstream waters and naval allotments remain back down to the secretary To identify those waters. Thank you Thank you. All of you this matter will stand submitted It was it's a difficult case and you all did an excellent job arguing this case. We appreciate your preparedness and your expertise in this area Thank you The courts going to take a short recess five to ten minutes and then we'll be back in here the last case on calendar
judges: B Fletcher, Kleinfeld, Callahan, Cjj